**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JACOB CHRISTINE,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 17-3635** |
| **MICHAEL CLARK, et al.,** | : | |
| | : | |
| **Respondents.** | : | |

## <u>ORDER</u>

**AND NOW**, this _5th_ day of May, 2020, upon careful and independent consideration of Petitioner's Amended Petition for a Writ of Habeas Corpus (ECF Nos. 1 and 15), the Response in Opposition (ECF No. 22), Petitioner's Reply (ECF Nos. 27 and 28), the available state court records, the Report and Recommendation of United States Magistrate Judge David R. Strawbridge (ECF No. 36), and Petitioner's Objections thereto (ECF Nos. 39, 41, and 42) it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[i]

2. The petition for a writ of habeas corpus is **DENIED AND DISMISSED**;

3. A certificate of appealability **SHALL NOT** issue, in that the Petitioner has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of this ruling. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000);

4. Petitioner's Motion for Reconsideration of Denial of Motion for Stay (ECF No. 38) is **DENIED**;[ii]

5. Petitioner's Motion for Reconsideration and Special Consideration of Habeas Petition and Reconsideration of Denial of Evidentiary Hearing (ECF No. 46) is **DENIED**;[iii]

6.   Petitioner's Motion for Reconsideration of Denial of Discovery Motion (ECF No. 48) is

   **DENIED**;

7.   Petitioner's Motion Requesting Clarification of Order (ECF No. 55) is **DENIED;**[iv]

8.   The Clerk of the Court shall mark this case **CLOSED** for statistical purposes.


**BY THE COURT:**

**/s/ Petrese B. Tucker**

_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

[i]      The Court considered additional letters submitted by Petitioner and his private investigator regarding his alleged innocence and statements from various individuals involved in the events leading to Petitioner's incarceration (ECF Nos. 49, 51, 52, and 56–68).  The Court finds that the additional information submitted by Petitioner is not the type of evidence that would lead the court to hold an evidentiary hearing.  The statement of Petitioner's private investigator regarding a statement made by Detective Ralph Romano, for example, relies on information provided to Detective Romano by an inaccurately named witness.  ECF No. 43.  Third-hand statements like the one submitted are not the type of new reliable evidence that establishes Petitioner's actual innocence.

       In addition, the Court finds that Petitioner's guilty plea was voluntary, knowing, and intelligent.  As a result, Petitioner has waived all non-jurisdictional defects and defenses.  *See United States v. Colburn*, 401 Fed. App'x 706, 708 (3d Cir. 2010) (stating that a guilty plea waives all non-jurisdictional defects and defenses) (citing *Abram v. United States*, 398 F.2d 350 (3d Cir. 1968)).  The Court additionally notes the United States Supreme Court's holding in *North Carolina v. Alford*, 400 U.S. 25, 37 (1970):

> [W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty.  An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

The Court finds that the Report and Recommendation from United States Magistrate Judge David Strawbridge adequately addresses Petitioner's remaining arguments.  Therefore, the Court **APPROVES** and **ADOPTS** the Report and Recommendation.

[ii]      As explained above, this Court agrees with the determination of Magistrate Judge David R. Strawbridge, that Petitioner was convicted pursuant to a valid guilty plea and therefore, that Petitioner's request for a Stay was in pursuit of a meritless claim.  ECF No. 35.

---

[iii]     As explained above, the Court does not find the evidence submitted by Petitioner to be the type of evidence which would lead the Court to hold an evidentiary hearing.

[iv]     The Court considered the additional information submitted by Petitioner.